IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES ROGER GRIZZLE       :

    v.                            :       CIVIL NO. L-01-3708

JOHN POTTER,       :
Postmaster General       :

## ORDER

Pending is Defendant's Motion to Dismiss for failure to exhaust administrative remedies. By Order dated January 28, 2003, the Court directed Plaintiff to submit additional briefing on specific questions. This response, coupled with the previously-filed papers, adequately addresses the issues, and the Court will dispense with a hearing. See Local Rule 105.6 (D. Md. 2001). For the reasons stated below, the Court GRANTS Defendant's Motion to Dismiss and DIRECTS the CLERK to CLOSE the CASE.

**I. BACKGROUND**

Plaintiff James Grizzle was hired by the United States Postal Service ("USPS") in 1973. (Compl. ¶ 5). He performed "clerical duties" at the Laurel, Maryland, post office until his retirement in 1997. (Id.) In 1990, he had wrist-surgery to alleviate work-induced carpal-tunnel syndrome. (Id. ¶ 6). As a result, his physician provided a medical release restricting him to light duty. (Id. ¶ 7).

Grizzle complains that the USPS "never made an earnest effort to find a suitable 'light duty' position" for him. Although the complaint does not specify which law Grizzle uses to support his claim, his opposition to the defendant's motion clarifies that he is seeking redress for alleged violations of (i) the Rehabilitation Act, 29 U.S.C. § 971, and (ii) the USPS Employee and

Labor Relations Manual, Sections 540-546.

## II. ANALYSIS

### A. Claim for Violation of Internal Policies Is Not Cognizable

By Order dated January 28, 2003, the Court directed Grizzle's counsel to provide authority for his argument that a plaintiff has a cause of action for violations of internal USPS policies. The full extent of Grizzle's response is as follows:

> [T]he only recourses for an aggrieved employee are the grievance/arbitration process and/or the EEO process, both of which are administrative remedies. Once these administrative remedies (if available) have been exhausted, the only available recourse remaining to an employee is the U.S. District Court.

(Pl. Ltr. dated Feb. 12, 2003).[1]

This argument falls short. Grizzle provides no legal authority supporting his position, although the Court specifically directed him to do so. Nor does Grizzle attach the Employee Relations Manual sections to which he refers.

Because the plaintiff has provided no authority for a cause of action based upon alleged breaches of internal USPS policies, this claim is dismissed.

### B. Rehabilitation Act Claim is Dismissed for Failure to Exhaust Administrative Remedies

Employees suing the federal government under the Rehabilitation Act must first exhaust administrative remedies in the manner prescribed by Title VII. See Doe v. Garrett, 903 F.2d 1455 (11th Cir. 1990); see also Emmert v. Runyon, 178 F.3d 1283 (4th Cir. 1999) (unreported).[2]

---

[1] Plaintiff's response was due on or before February 7, 2003, but it was not filed until February 14th. The letter is, therefore, untimely. The Court, however, considers its contents in ruling on the instant motion to dismiss.

[2] Although the Rehabilitation Act does not contain language requiring the exhaustion of administrative remedies, the 1978 amendment to the Act incorporated section 717 of Title VII,

The defendant's affidavit in support of its motion factually establishes that Mr. Grizzle has not pursued his grievance with an EEO counselor, which is the first step in the exhaustion of administrative remedies.

Grizzle concedes that he "did not pursue this matter through the EEO process." (Opp'n. at 2). Essentially, he argues that this oversight should be excused because he was orally advised by a USPS EEO representative that "he had no grounds for an EEO complaint." (Id.) Although directed to provide details of the conversation with the EEO representative, Grizzle does not provide the name of the EEO representative with whom he allegedly spoke. As the government points out in their letter dated February 18, 2003, it is in "no position" to respond to the plaintiff's claims about the EEO representative because the information provided by the plaintiff is "simply too vague."

Nonetheless, the Court would allow limited discovery regarding this alleged conversation if Grizzle provided any authority for the proposition that this alleged conversation either excuses or satisfies the exhaustion requirement. Grizzle, however, concedes that there is no case law that supports his argument. (Pl. Ltr. dated Feb. 12, 2003).

Because the plaintiff has provided no authority to excuse his failure to exhaust administrative remedies, the Court must grant the defendant's motion to dismiss.

---

which makes exhaustion a prerequisite to filing a complaint. On this basis, courts examining this issue have concluded that Congress intended to require the exhaustion of administrative remedies. See, e.g., Thorne v. Cavazos, 744 F. Supp. 348, 349 (D. D.C. 1990).

### III. CONCLUSION

For the reasons stated above, the Court hereby (i) GRANTS Defendant's Motion to Dismiss and (ii) DIRECTS the CLERK to CLOSE the CASE.

It is so ORDERED this 24TH day of February, 2003.

Benson Everett Legg
Chief Judge